# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL B. SCIONEAUX**
**United States Army, Appellant**

ARMY 20130850

Headquarters, 7th Infantry Division
Stefan R. Wolfe, Military Judge (arraignment)
Jeffery D. Lippert, Military Judge (trial)
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate (pretrial)
Colonel Robert F. Resnick, Staff Judge Advocate (recommendation)
Lieutenant Colonel Shawn W. Gordon, Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; and Captain Brian D. Andes, JA (on brief)

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel Gregory A. Marchand, JA; and Major Steven J. Collins, JA (on brief).

13 April 2016

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A panel with enlisted representation, sitting as a general court-martial, convicted appellant, contrary to pleas, of abusive sexual contact and assault consummated by a battery in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. § §920, 928 (2006 & Supp. V) [hereinafter UCMJ].[*] The panel sentenced appellant to be discharged from the service with a bad conduct discharge, to be confined for ninety days, a reprimand, and to be reduced to the

---

[*] The government also charged appellant with wrongful sexual contact and indecent exposure in violation of Article 120, UCMJ, 10 U.S.C. §920 (2006 & Supp. V). Based on instructions from the military judge, the panel did not enter findings for the wrongful sexual contact. The panel found appellant not guilty of indecent exposure.

grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad conduct discharge, sixty days of confinement, and reduction to the grade E-1.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant raises two errors, neither of which merit discussion or relief. Appellant personally raised four issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.  After review of the entire record, we are not convinced beyond a reasonable doubt as to appellant's guilt of a portion of the language encompassed within the Specification of Charge II.  We will grant appropriate relief in our decretal paragraph.

## LAW AND DISCUSSION

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo.  *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002).  In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).  The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

The Specification of Charge II alleged appellant unlawfully struck Staff Sergeant (SSG) AC "on the head and neck with his hand."  The testimony of SSG AC is clear that appellant "made the decision to karate chop me in the throat and then grab my shoulder."  Her testimony is void of appellant striking her in the head. Appellant also admitted to law enforcement, specifically Special Agent CE, that he struck SSG AC in the neck.  The government presented no evidence appellant struck SSG AC in the head.  Accordingly, we find the evidence insufficient to uphold that portion of the Specification Charge II alleging appellant struck SSG AC in the head.

## CONCLUSION

Having completed our review and in consideration of the entire record, we AFFIRM only so much of the Specification of Charge II as finds:

> In that [Appellant], U.S. Army, did, at or near Killeen, Texas, on or about 22 April 2012, unlawfully strike SSG (E-6) [AC] on the neck with his hand.

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

3